FORET, Judge.
This is a worker’s compensation action. Plaintiff, Charles J. Brian, Jr., sued his employer, Lowrey Motor Company, seeking worker’s compensation benefits. Plaintiff claims that his disability resulted from an injury sustained while working within the course and scope of his employment. Defendant admits that plaintiff had an accident while at work, but asserts that his disability resulted from an intervening injury sustained after the plaintiff had been released to return to work. The trial court found that plaintiff failed to carry his burden of proving causality. We agree and affirm.
FACTS AND LAW
In October of 1984, plaintiff was employed as an automobile mechanic for the defendant. On October 2, 1984, plaintiff was standing on a stool, leaning over the hood of a truck, when another employee tripped over an air hose, pulling the stool out from underneath plaintiff. Just how plaintiff was injured is in dispute, i.e., was he left hanging or did he fall on his buttocks? At any rate, he was immediately taken to Dr. Leigh Dillard in Mansfield for examination and treatment. Dr. Dillard diagnosed plaintiff’s condition as a strain or sprain in the right rhomboid area. Plaintiff continued working for the defendant, performing all the duties of his employment, and was again seen by Dr. Dillard on October 11, 1984. Plaintiff continued working after this second visit, with slight complaints.
On October 19, 1984, plaintiff was involved in an automobile accident. Plaintiff denies having received injuries resulting from this accident, but returned to Dr. Dillard’s office on November 5, 1984. Dr. Taylor, a partner of Dr. Dillard, performed the examination and referred plaintiff to Dr. Carl Goodman, an orthopedist in Shreveport, who in turn referred plaintiff to a neurosurgeon, Dr. Marco A. Ramos. Dr. Ramos diagnosed plaintiffs condition as a ruptured cervical disc.
Following plaintiffs work-related accident, defendant paid worker’s compensation benefits from November 8, 1984 to June 19, 1985, at which time defendant’s worker’s compensation insurer became aware that plaintiff’s disability from which he was presently suffering may not have been a result of his work-related accident.
We are assisted on appeal by the trial judge’s written reasons for judgment. These reasons describe the factors which persuaded the trial judge to hold for the defendant. The trial judge was presented with two different theories as to the cause of plaintiff's injuries, and thus had the opportunity to determine which of the two was more credible. The trial court determined that plaintiff did not bear his burden of proving, by a preponderance of the evidence, a causal relationship between his present disability and his employment. These reasons for judgment show that the trial court considered all relevant testimony and committed no manifest error in refusing to award plaintiff worker’s compensation benefits. The reasons specifically addressed and resolved the issues raised by the plaintiff. We adopt the trial court’s opinion as our own and quote from it as follows:
“Plaintiff alleges that he was injured in an accident October 2, 1984 while em *934 ployed at Lowrey Motor Company as a mechanic.
[[Image here]]
“Following the injury of October 2, 1984 plaintiff was examined by Dr. Leigh Dillard, who diagnosed plaintiff's injury as a rhomboid muscle strain. Dr. Dillard discharged plaintiff as cured on October 18, 1984, to return to work.
“On October [19], 1984, the plaintiff was involved in a one car automobile accident. Shortly after this accident plaintiff complained of cervical pain. Following the automobile accident plaintiff was seen by Dr. Marco A. Ramos. The plaintiff did not tell Dr. Ramos of the automobile accident of October [19] but only complained to Dr. Ramos of the injury of October 2, 1984.
“Exhibit Lowrey # 4 is a medical Report from Dr. Ramos which reports:
‘As you suggested in your second paragraph, I have not been informed that this patient was involved in a car accident. The review of my records only attests to the fact that he reported injuring himself while at work in October, 1984. In any event, the cervical myelogram shows osteophytes and ex-tradural defects at the C5-C6 and C6-C7 for which I recommended surgery on my last evaluation. At this point it is only clear that the patient had this condition prior either to the accident or the apparent injury that he sustained at work. It is not possible to establish whether this condition was aggravated by the accident or the injury at work. I can only deplore this omission by Mr. Brian.’
“It is apparent that plaintiff was not truthful with Dr. Ramos.
“At the trial of this case the plaintiff testified that on the evening of the automobile accident of October 18, 1984 that the roads were slippery and it was raining and that his car skidded across the highway and into a house.
“Louisiana Trooper James Ryder, the investigating officer, testified at trial when he arrived at the scene minutes after the collision that it had not been raining and that the black top road surface was dry. “The plaintiff gave conflicting stories as to how the accident of October 2, 1984 happened. In one version he stated that while standing on a stool leaning over the hood of a truck another employee tripped over a [sic] air hose pulling the stool from under the plaintiff leaving the plaintiff hanging onto the cab of the truck resulting in a twisting of plaintiffs back.
“Another version given to Dr. Ramos was that the plaintiff fell on his buttocks on the concrete.
“The Court accepts the testimony of Dr. Dillard that the plaintiff did not complain of any arm pain or cervical involvement as a result of the accident October 2, 1984.
“The first complaint of any pain or tingling was made by the plaintiff to Dr. Donald Taylor on November 11, 1985 following the automobile accident. “Another inconsistancy [sic] in the plaintiff's case is that the plaintiff told Dr. Ramos that he had not worked since the accident on October 2,1984. The payroll records contradict this. For the week ending October 5, 1984, the plaintiff worked 39.1 hours; for the week ending October 12, 1984 he worked 31.3 hours; for the week ending October 26th (after the automobile accident of October [19]) the plaintiff worked only 18.6 hours. This indicates to the Court that the plaintiff’s complaining of injury are attributed to the automobile accident and not the stool accident of October 2, 1984.
“The Court feels therefore that the plaintiff’s injury and disability, if any, are related to the automobile accident of October 19, 1984 and not the accident at Lowrey Motor Company on October 2, 1984.”
Our role on appellate review is to ascertain the correctness of the trial court judgment. We are prohibited from disturbing that judgment unless we find that it is clearly wrong when making factual determinations. We are unable to say that the *935 trial court’s findings of fact are clearly wrong.
Accordingly, the judgment of the trial court denying plaintiffs demand is affirmed.
All costs are assessed to plaintiff-appellant.
AFFIRMED.